## HENRY, Admrx v PECK, HANNAFORD & PECK CO

No 3524. Decided Jan. 13, 1930

LeBlond, Morrissey, Terry & Gilday, Cincinnati, for Henry.

Pogue, Hoffheimer & Pogue, J. C. Culbertson and Jackson W. Sparrow, all of Cincinnati, for Company.

**HAMILTON, J.**

The claim of the plaintiff is that the facts adduced were sufficient to justify the case going to the jury under the res ipsa loquitur doctrine; that there was sufficient evidence from which the jury might infer negligence on the part of the defendant.

The trial court in granting the motion stated that there was no evidence to show that the pipe which caused the death of the decedent was owned and controlled by the defendant, or that its falling was due to any act of the defendant.

Under the doctrine of res ipsa loquitur, if there is any evidence from which the jury might infer negligence on the part of the defendant, then the case should have gone to the jury.

The rue of res ipsa loquitur is stated in Shearman and Redfield on Negligence, Vol. 1, 6th Ed., section 59, as follows:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

See also: 20 R. C. L., 191, par. 158.

It is in the record, and it is argued, that there were many other sub-contractors at work in the building, such as plumbers, carpenters, etc. It is claimed that in so far as the evidence is concerned, the pipe might have been dropped by agents of other of the contractors, or that it might have been dislodged by employes of other contractors; that there is no evidence to show that the defendant company had anything to do with, or control over the pipe at the time.

The record tends to show the defendant company, through its employes, was engaged in the installation of the heating system in the building; that in the prosecution of this work they used iron pipe of the kind which caused the death of the deceased; that on the day preceding the accident they were engaged in this work on the sixth floor of the building; that on the day of the accident, they moved their equipment to the seventh floor and placed their

work bench on the seventh floor within six feet of the elevator shaft.

There is evidence tending to show that none of the other contractors used pipe of the character of that which caused the death of the deceased.

The evidence disclosed that on the work bench, and attached thereto, was a vise for use in cutting pipe and threads thereon for connections; that the employes of the defendant were working there on the day of the accident; that on the end of the pipe was fresh red lead, which was applied to the sections for making connections; that the cap on the head of the deceased, picked up immediately after the accident, had fresh red lead thereon; that the section of the pipe which fell and struck the deceased was of the kind used in steam heating; and that there were pipes laying around the bench.

We are of opinion that these facts would justify an inference that the employes of the defendant company were responsible for the falling of the pipe which caused the decedent's death, and would call for some explanation on the part of the defendant company.

It is suggested in the brief of the defendant in error that it was entitled to an instructed verdict on the ground that a suit growing out of the same accident was prosecuted in the court of common pleas of Hamilton County by the plaintiff against Robert Fuerst, and that a settlement was made in that case for the tortious act and that this settlement barred her from further prosecution of her claim in this case. It is stated in the brief that this bar was pleaded in the second defense of the answer, and, therefore, the plaintiff would be required to show that a settlement made in the suit against Fuerst was not a settlement in full, and was not so considered, and not so received or made as such.

It is the law that settlement with one joint tort feasor in full compensation releases all other joint tort feasors. In such a situation, the plaintiff may show that such settlement was not intended and received as a full settlement, and might proceed to judgment, and any judgment recovered would be reduced by the amount of the settlement in the case.

We have examined the record, and, as stated in the outset of this opinion, the answer was but a general denial. A settlement was not pleaded, and the only place it appears in the record is where counsel for the defendant interrogated the plaintiff, while she was on the witness stand, regarding a suit filed against Robert Fuerst and settlement therefor. This interrogation can have no binding effect, since it was not made an issue in the case. We fail to find in the record any amendment or pleading to conform to the proof, or any stipulation regarding such an issue. There being no such issue in the case, the judgment cannot be sustained on account of a bar by virtue of another settlement.

The judgment will be reversed, and the cause remanded for a new trial, and further proceedings according to law.

Cushing, PJ, and Ross, J, concur.